Loren R. **HUMPHREY** and Pauline R. Humphrey, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. W–3008.

United States District Court
D. Kansas.

June 11, 1965.

John Boyer, Wichita, Kan., for plaintiffs.

Newell George, U. S. Atty., Wichita, Kan., for defendant.

WESLEY E. BROWN, District Judge.

This is an action to recover the sum of $7,655.29 paid as deficiency income tax and assessed interest for the years 1957 and 1958.

There are two unrelated issues to be decided by the Court.

1. Whether the petitioners, the grantors of a trust created in 1957, are taxable on the income of said trust for the years 1957 and 1958.

2. Whether the petitioner, Loren R. Humphrey, received dividend income in 1957 in the amount of $2,000, as a result of the transfer of his stock in Humphrey Awnings, Inc., to Humphrey Products, Inc.

The facts have been stipulated and are found accordingly and will not be repeated here except by reference to clarify our views.

The petitioner created a trust for the benefit of his children by the transfer of his ⅓ interest in a partnership. The trust was to exist for a period of fifteen years. His brother created an identical trust. The petitioner, his brother, and father were trustees. The trustees were authorized and empowered to invest and reinvest the earnings of the trust. No part of the corpus or earnings of the trust were available to petitioner but after its expiration " * * * all trust property remaining in the hands of the trustees may at the option of the grantors, revert to the grantors." (See Exhibit 3.) We think it clear that the trustees were non-adverse. (See Sec. 672, 26 U.S.C.)

■ The trust and its application for tax purposes come, in our judgment, clearly within the provisions of §§ 677 (a) (2) of I.R.C. 1954. As stated in Rev. Rul. 57–363 Mertens Law of Federal Income Taxation 1954–1957 Rulings, page 815,

"The power over current income, whether it shall be expended or distributed currently or accumulated income to the beneficiary or to the grantor negative the assumption that the trust provides for the accumulation of income for the benefit of grantor's son for the period of ten years or more."

The tax consequences of the petitioners' stock dealings (See Stipulations 6, 7, 8, 9, 10 and 11) in the two corporations is also clear. Simply stated this is a case where stockholders who owned substantially all of the stock of two corporations had one of the corporations redeem or acquire by purchase the stock of the other and retained substantially the same control of the two corporations after the transactions were complete.

■■ The decision of the tax court is not binding on this court but such a decision is entitled to considerable weight. This is particularly true where, as here, the identical questions were presented involving practically the same facts. (See Humphrey et ux. v. Commissioner, 39 T. C. 199.) The reasoning of the Tax Court is in our opinion sound. It is our opinion that the distribution to Loren of the $2,000 by virtue of the tax laws and regulations, and then stipulated facts, is equivalent to a dividend and taxable to petitioner as such. We are buttressed in our view of the weight to be given a Tax Court decision by the Supreme Court. In Commissioner of Internal Revenue v. Estate of Bedford, 325 U.S. 283, 292, 65 S.Ct. 1157, 1161, 89 L.Ed. 1611, the Court stated:

"As is true of other teasing questions of construction raised by technical provisions of Revenue Acts the matter is not wholly free from doubt. But these doubts would have to be stronger than they are to displace the informed views of the Tax Court."

Again in Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 502, 64 S.Ct. 239, 247, 88 L.Ed. 248, the Supreme Court said:

"While its (Tax Court) decisions may not be binding precedents for

courts dealing with similar problems, uniform administration would be promoted by conforming to them where possible."

The defendant is entitled to judgment on the stipulated facts. The defendant will prepare, circulate and submit an appropriate judgment.